Peggy Hunt (#6060)
Michael F. Thomson (#9707)
Nathan S. Seim (# 12654)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  hunt.peggy@dorsey.com
         thomson.michael@dorsey.com
         seim.nathan@dorsey.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| In re:<br><br>MOUNTAIN VALLEY HOME MEDICAL EQUIPMENT, INC.,<br><br>                         Debtor. | Bankr. Case No. 17-24596<br><br>Chapter 7<br><br>The Honorable William T. Thurman |

---

## MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363

---

Peggy Hunt, the duly appointed, qualified and acting Chapter 7 trustee (the "Trustee") for

the bankruptcy estate of Mountain Valley Home Medical Equipment, Inc. (the "Debtor"), by and

through counsel, moves this Court for entry of an Order approving procedures related to and

authorizing the auction of certain personal property free and clear of all interests pursuant to 11

U.S.C. § 363 (b), (f) and (m), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy

Procedure, and Local Rule 6005-1.  This Motion is supported by the Declaration of Peggy Hunt,

Chapter 7 Trustee (the "Hunt Declaration"), and the following:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### *General*

2.     On May 25, 2017, the Debtor filed a voluntary petition in this Court under

Chapter 7 of the Bankruptcy Code.

3.     On May 25, 2017, the Trustee was appointed as the interim Chapter 7 Trustee in

the above-captioned case.

4.     A meeting of creditors is scheduled in this case for June 27, 2017.

### *Identification of Property to be Sold at Auction*

5.     Upon her appointment, the Trustee engaged in an investigation of the property of

the Debtor's estate.  *See* Hunt Declaration ¶ 2.

6.     Through this investigation, the Trustee has determined that a significant

component of the property comprising the Debtor's estate is certain personal property described

in the attached **Exhibit A** (collectively, the "Property").  *See id.* at ¶ 3.

7.     According to the Debtor's Schedules D filed with the Court on May 25, 2017,

Advantage Funding, Advantage Leasing Corp.[1], Celtic Bank[2], Key Bank[3], Med One[4], Mountain

---

[1] UCC-1s were filed by Advantage Leasing and Advantage Leasing Corp.
[2] A UCC-1 was filed by Celtic Bank Corporation.
[3] A UCC-1 was filed by KeyBank National Association.
[4] A UCC-1 was filed by Med One Capital Funding, LLC

4851-0134-8938\1

America Credit Union, Navitas[5], US Bank[6], and VGM 311[7] may have liens on certain pieces of the Debtor's personal property. *See* Docket No. 2.

8.      According to a UCC search, the following parties may also have liens on certain pieces of the Debtor's personal property: Bank Mutual; CIBM Bank; Johnson Bank; and Sunrise Medical, Inc.[8]

9.      The Debtor's principal, Kurt Wesley Walker, indicated in his Schedules filed in his Chapter 13 case, case number 17-24599, on May 25, 2017 ("Mr. Walker's Schedules"), that he has an ownership interest in the following Property: 2014 Ford E-Series Van, the 2007 Ford E150 Cargo Van, the 2008 Ford E150 Cargo Van, and the 2008 Ford E150 Cargo Van. According to Mr. Walker at a meeting with the Trustee, her counsel, and Debtor's counsel, the Debtor purchased said vehicles.

10.     According to Mr. Walker's Schedules, Chartway Federal CU has a lien on the 2014 Ford E-Series Van.

11.     While some of the Property is located at the homes of former customers of the Debtor, the majority of the Property is currently being held at the Debtor's former principal place of business, located at 380 W 12300 S, Suite 101, Draper, UT 84020 (the "Premises"). The Trustee has had the Premises secured through Statewide Auction Company ("Statewide"). *See* Hunt Declaration at ¶ 4.

12.     Other than the potential claims identified in Paragraphs 7 – 10 above, the Trustee is not aware of any other potential interests in or claims against the Property. *See id.* at ¶ 5.

---

[5] A UCC-1 was filed by RLC Funding a Division of Navitas Lease Corp., ISAOA, and a UCC-1 was filed by VLMG, a Division of Navitas Lease Corp.
[6] A UCC-1 was filed by U.S. Bank Equipment Finance, a Division of U.S. Bank National Association
[7] Several UCC-1s were filed by VGM Financial Services a Division of TCF Equipment Finance, Inc.
[8] Including its affiliates: Sunrise Medical HHG, Inc., Sunrise Medical (US) LLC, and Sun Med Finance, Inc.

*Proposed Auction of the Property and Employment of Statewide*

13.     The Trustee has determined that it is in the best interests of creditors and the estate to sell the Property at public auction. *See id.* at ¶ 10.

14.     It is the Trustee's judgment that a public auction is the best way to economically market and sell the Property so as to maximize the value for the benefit of creditors and the estate, while at the same time reducing costs that would be associated with storing and protecting the Property and selling the Property through private sales. *See id.* at ¶ 10.

15.     The Trustee has engaged Statewide to conduct the auction, subject to the Court granting this Motion. *See* Hunt Declaration at ¶ 6.

16.     Statewide has been appointed by the Court as a standing auctioneer under Local Rule 6005-1 and, therefore, it is an experienced, active and licensed auctioneering firm, it maintains appropriate insurance policies, and it has posted a bond with the office of the United States Trustee.

17.     The Trustee proposes to auction the Property at a public auction to be conducted by Statewide at the Premises on July 20, 2017, at 10:00 a.m. (the "Auction").

18.     The Trustee has agreed to pay Statewide its standard auction fee of fifteen percent (15%) of the gross sales proceeds of the Property.  *See* Hunt Declaration at ¶ 8.

*Proposed Sale Procedures*

19.     Within ten (10) business days after the conclusion of the Auction, Statewide will provide to the Trustee and the Office of the United States Trustee a full accounting of the Auction (the "Accounting"), and will remit to the Trustee the net sale proceeds from the Auction after retaining its auction fee described above in Paragraph 16 (the "Net Sale Proceeds").

4

20.    Within ten (10) business days after her receipt of the Accounting, the Trustee will file with the Court and serve on all parties listed on the Certificate of Service for the Notice of Hearing related to this Motion a "Notice of Auction Sale" which will include:

    i.    a description of the Property sold as listed on the Accounting;

    ii.    the price received for each item of Property sold;

    iii.    a notice informing parties that the Property listed has been sold at public auction free and clear of all interests, and that interests in such Property, if any, have attached to the Net Sale Proceeds; and

    iv.    a notice that parties served with the Notice of Auction Sale will have thirty (30) calendar days (the "Objection Date") to file with the Court and serve on the Trustee a written "Notice of Interest" in identified Net Sale Proceeds of Property in which they claim to have an interest and evidence of the alleged interest.  The Notice of Interest must specifically identify the Net Sale Proceeds in which the party is claiming an interest and the basis for that interest.

21.    If a Notice of Interest is not filed prior to the Objection Date, any purported interest in the Property will be deemed released, abandoned and/or withdrawn.

## **RELIEF REQUESTED**

22.    By this Motion, the Trustee seeks the entry of an Order of this Court approving this Motion and authorizing the public sale of the Property free and clear of all interests pursuant to 11 U.S.C. §§ 363(b), (f) and (m), with any interests attaching to the Net Sale Proceeds.

4851-0134-8938\1

## APPLICABLE AUTHORITY

### *The Trustee Has Established Grounds for Approval of the Sale Procedures and Authorization of the Sale Out of the Ordinary Course of Business*

23.     The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).

24.     In order to approve a sale of assets outside the ordinary course of business, the trustee must show that:

      a.     a sound business reason exists for the sale;

      b.     there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer;

      c.     that the sale price is fair and reasonable; and

      d.     that the proposed buyer is proceeding in good faith.

*See In re Medical Software Solutions*, 286 B.R. 431, 439-40 (Bankr. D. Utah 2002).

25.     The Trustee has met all four parts of this test, and accordingly, respectfully requests that the Court grant the relief requested in this Motion thereby approving the sale procedures and authorizing the proposed sale free and clear of interests.

### *Sound Business Purpose*

26.     Courts show great deference to a trustee's decision-making.  *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).  Once a trustee articulates a valid business judgment for a sale, "a presumption of reasonableness attaches to a trustee's management decisions."  *In re Johns-Manville Corp.*, 60 B.R. 612, 615-616 (Bankr. S.D.N.Y. 1986) (the trustee enjoys "'a presumption that in making a business decision the

directors of a corporation acted on an informed basis, in good faith, and in the honest belief that

the action was in the best interests of the company.'"").  The Trustee submits that the proposed

sale procedures and the proposed public sale of the Property are based on sound business

judgment.  *See* Hunt Declaration ¶¶ 10-11.

27.     The proposed public sale will take place only after adequate marketing, adequate

and reasonable notice to all interested parties of both the sale procedures and the sale free and

clear of interests.  Such a sale has been proposed to (a) maximize the value of the Property, (b)

produce a good faith sale of the Property, and (c) minimize the costs to the estate.  *See id.* at ¶ 11.

28.     The Trustee has made an informed decision based on her experience and

evaluation of the Property that a public sale of the Property is the best way to economically

market and sell the Property so as to maximize its value for the benefit of creditors and the

estate, while at the same time reducing costs that would be associated with storing and protecting

the Property and selling the Property through private sales. *See id.* at ¶ 10.

29.     The Trustee has made a decision to sell the Property at public sale based on her

sound business judgment.  Accordingly, the Motion should be granted and the sale free and clear

of interests conducted in accordance with the sale procedures should be authorized.  *See id.* at ¶¶

10-11

### *Notice of the Sale Procedures and the Proposed Sale is Appropriate*

30.     The Trustee also respectfully submits that the second prong of the 4-part test has

been met in this case, because there has been adequate and reasonable notice to interested

7

parties, including full disclosure of the sale procedures and of the proposed sale free and clear of interests.[9]

31.     Concurrent with the filing of this Motion, the Trustee served a Notice of Hearing upon (a) all creditors and parties-in-interest; (b) Advantage Funding; (c) Advantage Leasing Corp.; (d) Celtic Bank; (e) Key Bank; (f) Med One; (g) Mountain America Credit Union; (h) Navitas; (i), US Bank; (j) VGM 311; (k) Bank Mutual; (l) CIBM Bank; (m) Johnson Bank; (n) Sunrise Medical, Inc.; (o) Kurt Wesley Walker; (p) Chartway Federal CU; (q) Lon Jenkins, Chapter 13 Trustee, (r) all parties who have requested notice in this case pursuant to Federal Rule of Bankruptcy Procedure 2002(m); and (s) the office of the United States Trustee.  The Notice of Hearing provides notice of the hearing on this Motion, as well as procedures for asserting an interest in any Property prior to the sale free and clear of interests.

32.     Such procedures are fair and reasonable, and afford notice as required under 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.

*Fair and Reasonable Price*

33.     A proposed sale is only appropriate if the sale price is fair and reasonable.

34.     The Trustee respectfully submits that the method of sale and the marketing of and notice of the sale, as set forth herein, will obtain the highest and best price for the Property.

35.     Additionally, it should be noted that the auction process will create a competitive bidding process that will ensure that the Property is sold by a disinterested party to the highest and best bidder, which in turn ensures that the estate will obtain a purchase price that is fair and reasonable.

---

[9] The Debtor's relationship with the buyer is not relevant in this case.  The sale will be conducted by a disinterested third party employed by the Trustee on behalf of the estate.

4851-0134-8938\1

*Good Faith Purchaser*

36.     The last prong of the four-part test has been met in this case because by selling the Property at a public sale, the Property will be purchased by a good faith purchaser.

37.     Although the Bankruptcy Code does not define "good faith," the Tenth Circuit has determined in the context of 11 U.S.C. § 363(m) that a "good faith" purchaser is "one that buys in good faith, and for value." *Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304 (10th Cir. 1983).  Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* at 305 n.11 (citation omitted); s*ee also In re Lotspeich*, 328 B.R. 209 (10th Cir. BAP 2005).

38.     Here, the Trustee has engaged Statewide, a disinterested and Court-approved standing auctioneering firm, to sell the Property at public sale.  The auction process will solicit open, competitive bidding after full notice, and Statewide will be required to provide the Accounting to the Trustee and the Office of the United States Trustee.  These procedures will be sure to produce good faith purchasers that will purchase the Property for a fair and reasonable value.

*A Sale of the Sale Property Free and Clear*
*Pursuant to Section 363(f) is Appropriate*

39.     The Bankruptcy Code states that a trustee may sell estate property free and clear of interests, if:

   a.  applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

   b.  such entity consents;

    c.        such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d.        such interest is in bona fide dispute; or

    e.        such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

40.       Section 363(f) is in the disjunctive.  Thus, satisfaction of any one of the alternative requirements enumerated therein will warrant the Trustee's proposed sale of the Property free and clear of all interests under Section 363(f).

41.       To the extent that any interest in any Property is asserted, satisfaction of any of the foregoing statutory requirements will warrant the Trustee's sale of the Property free and clear of those interests, and the Trustee reserves all rights to respond to any interests asserted either in response to this Motion, or in response to the Notice of Auction Sale.

42.       Accordingly, the Trustee requests that Court grant this Motion, including by authorizing the sale of the Property made in accordance with the proposed sale procedures as a sale free and clear of any interests in such Property pursuant to 11 U.S.C. §§ 363(b) and (f), with any interests that might be asserted in the Property attaching to the Net Sale Proceeds, subject to any claims and defenses that the Trustee, Debtor or the estate possess with respect thereto.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting this Motion and authorizing the sale of the Property pursuant to 11 U.S.C. §§ 363(b), (f) and (m). In conjunction herewith, the Trustee requests entry of an Order in the form of the Order attached hereto as **Exhibit B**.  Furthermore, the Trustee requests that the 14-day stay imposed by Federal

Rule of Bankruptcy Procedure 6004(h) be waived, so that Statewide may auction the Property on

July 20, 2017.  The Trustee also requests such other and further relief as is just and proper.

     Dated this 23rd day of June, 2017.


    */ s / Michael F. Thomson*

Peggy Hunt
Michael F. Thomson
Nathan S. Seim
DORSEY & WHITNEY LLP
*Proposed Attorneys for Trustee*

4851-0134-8938\1

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on this 23rd day of June, 2017, I electronically filed the foregoing **MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Mary M. Hunt tr    hunttrustee@dorsey.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Jory L. Trease    caseinfo.jtbankruptcy@gmail.com, jorytrease@msn.com;janci.jtbankruptcy@gmail.com;myecfemail.jtbankruptcy@gmail.com;r47629@notify.bestcase.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE – MAIL, OTHER

I hereby certify that on this 23rd day of June, 2017, I caused to be served a true and correct copy of the **MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** as follows:

**Mail Service – By regular first class United States Mail, postage fully pre-paid, addressed to:**

Chartway Federal Credit Union
Attn: Brian Schools, President
5700 Cleveland St
Virginia Beach, VA 23462

Advantage Funding
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corporation
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corp.
324 E. Wisconsin Ave., Ste 250
Milwaukee, WI 53202

Celtic Bank aka Celtic Bank Corporation
Attn: Wade Newman, President
268 S State St., Ste. 300
Salt Lake City, UT 84111

Key Bank
Attn: President
Bankruptcy Department
127 Public Square
Cleveland, OH 44414

KeyBank National Association
Attn: President
5625 S. Van Winkle Expressway
Salt Lake City, UT 84121

Med One aka Med One Capital Funding, LLC
10712 South 1300 East
Sandy, UT 84094

12

Mountain America Credit Union
Attn: Sterling Nielsen, President
PO Box 9001
West Jordan, UT 84084-9001

Navitas
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

RLC Funding a Division of Navitas Lease
Corp., ISAOA
814 Highway A1A North,
Suite 205
Ponte Vedra Beach, FL 32082

VLMG, a Division of Navitas Lease Corp.
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

US Bank aka U.S. Bank Equipment Finance, a
Division of U.S. Bank National Association
Attn: Richard K. Davis, President
1310 Madrid Street
Marshall, MN 56258

VGM 311 aka VGM Financial Services a
Division Of TCF Equipment Finance, Inc.
1111 West San Marnan Dr.
Suite A2 West
Waterloo, KA 50701-8926

Bank Mutual
Attn: David Baumgarten, President
2600 N. Mayfair Rd.
Wauwatosa, WI 53226

CIBM Bank
Attn: President
2323 N. Mayfair Road
Wauwatosa, WI 53186

Johnson Bank
Attn: President
333 E Wisconsin Ave.
Milwaukee, WI 53202

Sunrise Medical, Inc.
Sunrise Medical HHG, Inc.
Sunrise Medical (UC) LLC
6899 Winchester Circle Suite 200
Boulder, CO 80301

Sunrise Medical, Inc.
2382 Faraday Avenue, Suite 200
Carlsbad, CA 92008

Sunrise Medical HHG, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sun Med Finance, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sunrise Medical, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Utah State Tax Commission
Taxpayer Services Division
Attention: Compliance Services Unit
210 North 1950 West
Salt Lake City, Utah 84134

Gale K. Francis
Attorney General's Office
Tax & Financial Services Division
160 E 300 S, Suite 500
Salt Lake City, UT 84111

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Lon A. Jenkins, Chapter 13 Trustee
405 Main St #600
Salt Lake City, UT 84111

Kurt Wesley Walker
5756 Arlinridge Dr.
Herriman, UT 84096

/ s / Natasha Asmus

4851-0134-8938\1

# Exhibit A

1.     Personal property described in the Debtor's Schedule A/B as: (a) "Inventory of Medical related equipment owned by Debtor: (e.g.; hospital beds, patient lifts, oxygen equipment, wheelchairs, walkers, C-Pap machines, bath aids, etc.)"; (b) "Inventory: Debtor's accumulated equity in other lease-to-own equipment"; and (c) "Misc. Office Equipment, store fixtures, general non-inventory assets."

2.     2014 Ford E-Series Van, VIN 1FTNE2EW8EDA

3.     2007 Ford E150 Cargo Van, VIN 1FTNE14W17DB30724

4.     2008 Ford E150 Cargo Van, VIN 1FTNE14W88DA16222

5.     2008 Ford E150 Cargo Van, VIN 1FTNE14W8DA51739

# Exhibit B

4851-0134-8938\1

*Prepared and Submitted By:*

Peggy Hunt (#6060)
Michael F. Thomson (#9707)
Nathan S. Seim (# 12654)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
          thomson.michael@dorsey.com
          seim.nathan@dorsey.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re:                                              | Bankr. Case No. 17-24596              |
|-----------------------------------------------------|---------------------------------------|
| MOUNTAIN VALLEY HOME MEDICAL EQUIPMENT, INC.,       | Chapter 7                             |
| Debtor.                                             | The Honorable William T. Thurman      |

## ORDER GRANTING MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363

The *Motion to Approve Procedures for and Authorizing the Auction of Personal Property*

*Out of the Ordinary Course and Free and Clear of All Interests Pursuant to 11 U.S.C. § 363*

4852-6604-1162\1

[Docket No. _____] (the "Motion"), filed on June _____, 2017, by Peggy Hunt, the duly

appointed Chapter 7 trustee in the above-captioned bankruptcy case ("Trustee"), came on for

hearing before the Honorable William T. Thurman, United States Bankruptcy Judge, on July 19,

2017, at 9:30 a.m. (the "Hearing").  Appearances were noted on the record at the Hearing.

The Court, having reviewed the Motion, the Declaration of Peggy Hunt, Chapter 7

Trustee [Docket No. _____] (the "Declaration"), the Notice of Hearing (the "Notice") related to

the Motion and related certificates of service filed by the Trustee, and having heard the

statements of counsel and parties at the Hearing, and having received evidence proffered at the

Hearing, entered its findings and conclusions on the record at the Hearing.  Based on such

findings and conclusions, which are incorporated herein by reference,

**IT IS HEREBY ORDERED that:**

(1)    The Motion is GRANTED;

(2)    A public sale of the Property identified on **Exhibit A** attached hereto

(collectively, the "Property") pursuant to 11 U.S.C. § 363(b) and (f), conducted in accordance

with the Motion, is **AUTHORIZED**;

(3)    The public sale authorized herein is a sale of the Property free and clear of any

interests in such Property pursuant to 11 U.S.C. § 363(b) and (f), and interests, if any, that might

be asserted in the Property shall attach to the Net Sale Proceeds (as defined below), subject to the

claims and defenses that the Trustee, the Debtor or the estate possess with respect thereto;

(4)    Within ten (10) business days after the conclusion of the auction, Statewide

Auction Company shall provide to the Trustee and the Office of the United States Trustee a full

accounting of the auction (the "Accounting"), and shall remit to the Trustee the net sale proceeds

from the auction after retaining its auction fee of 15% of the gross sales proceeds of the Property

(the "Net Sale Proceeds");

    (5)    The Trustee shall hold the Net Sale Proceeds pending further order of this Court;

    (6)    Within ten (10) business days after her receipt of the Accounting, the Trustee

shall file with the Court and serve on all parties listed on the Certificate of Service for the Notice

a "Notice of Auction Sale" which shall include:

        i.    a description of the Property sold as listed on the Accounting;

        ii.    the price received for each item of Property sold;

        iii.    a notice informing parties that the Property listed has been sold at public auction free and clear of all interests, and that interests in such Property, if any, have attached to the Net Sale Proceeds; and

        iv.    a notice that parties served with the Notice of Auction Sale will have thirty (30) calendar days (the "Objection Date") to file with the Court and serve on the Trustee a written "Notice of Interest" in identified Net Sale Proceeds of Property in which they claim to have an interest and evidence of the alleged interest.  The Notice of Interest must specifically identify the Net Sale Proceeds in which the party is claiming an interest and the basis for that interest.

    (7)    If a Notice of Interest is not filed prior to the Objection Date, any purported

interest in the Property will be deemed released, abandoned and/or withdrawn.

    (8)    The public sale of the Property conducted pursuant to the Motion is a sale of

property to a good faith purchaser within the meaning of 11 U.S.C. § 363(m); and

    (9)    The 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is

WAIVED.

_____End of Order_____

## ATTORNEY'S CERTIFICATE OF SERVICE –
## BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on the _____ day of July, 2017, I electronically filed the **ORDER GRANTING MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Mary M. Hunt tr     hunttrustee@dorsey.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Michael F. Thomson     thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Jory L. Trease     caseinfo.jtbankruptcy@gmail.com, jorytrease@msn.com;janci.jtbankruptcy@gmail.com; myecfemail.jtbankruptcy@gmail.com;r47629@notify.bestcase.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov

## ATTORNEY'S CERTIFICATE OF SERVICE – MAIL, OTHER

I further certify that on the _____ day of July, 2017, I caused to be served a true and correct copy of the foregoing as follows:

**Mail Service – By regular first class United States Mail, postage fully pre-paid, addressed to:**

Chartway Federal Credit Union
Attn: Brian Schools, President
5700 Cleveland St
Virginia Beach, VA 23462

Advantage Funding
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corporation
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corp.
324 E. Wisconsin Ave., Ste 250
Milwaukee, WI 53202

Celtic Bank aka Celtic Bank Corporation
Attn: Wade Newman, President
268 S State St., Ste. 300
Salt Lake City, UT 84111

Key Bank
Attn: President
Bankruptcy Department
127 Public Square
Cleveland, OH 44414

KeyBank National Association
Attn: President
5625 S. Van Winkle Expressway
Salt Lake City, UT 84121

Med One aka Med One Capital Funding, LLC
10712 South 1300 East
Sandy, UT 84094

Mountain America Credit Union
Attn: Sterling Nielsen, President
PO Box 9001
West Jordan, UT 84084-9001

Navitas
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

4

RLC Funding a Division of Navitas Lease
Corp., ISAOA
814 Highway A1A North,
Suite 205
Ponte Vedra Beach, FL 32082

VLMG, a Division of Navitas Lease Corp.
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

US Bank aka U.S. Bank Equipment Finance, a
Division of U.S. Bank National Association
Attn: Richard K. Davis, President
1310 Madrid Street
Marshall, MN 56258

VGM 311 aka VGM Financial Services a
Division Of TCF Equipment Finance, Inc.
1111 West San Marnan Dr.
Suite A2 West
Waterloo, KA 50701-8926

Bank Mutual
Attn: David Baumgarten, President
2600 N. Mayfair Rd.
Wauwatosa, WI 53226

CIBM Bank
Attn: President
2323 N. Mayfair Road
Wauwatosa, WI 53186

Johnson Bank
Attn: President
333 E Wisconsin Ave.
Milwaukee, WI 53202

Sunrise Medical, Inc.
Sunrise Medical HHG, Inc.
Sunrise Medical (UC) LLC
6899 Winchester Circle Suite 200
Boulder, CO 80301

Sunrise Medical, Inc.
2382 Faraday Avenue, Suite 200
Carlsbad, CA 92008

Sunrise Medical HHG, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sun Med Finance, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sunrise Medical, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Utah State Tax Commission
Taxpayer Services Division
Attention: Compliance Services Unit
210 North 1950 West
Salt Lake City, Utah 84134

Gale K. Francis
Attorney General's Office
Tax & Financial Services Division
160 E 300 S, Suite 500
Salt Lake City, UT 84111

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Lon A. Jenkins, Chapter 13 Trustee
405 Main St #600
Salt Lake City, UT 84111

Kurt Wesley Walker
5756 Arlinridge Dr.
Herriman, UT 84096

/ s / Natasha Asmus

5

<u>**DESIGNATION OF PARTIES TO BE SERVED**</u>

Service of the foregoing **ORDER GRANTING MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** shall be served to the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Mary M. Hunt tr    hunttrustee@dorsey.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Jory L. Trease    caseinfo.jtbankruptcy@gmail.com, jorytrease@msn.com;janci.jtbankruptcy@gmail.com; myecfemail.jtbankruptcy@gmail.com;r47629@notify.bestcase.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

Chartway Federal Credit Union
Attn: Brian Schools, President
5700 Cleveland St
Virginia Beach, VA 23462

Advantage Funding
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corporation
13400 Bishop's Ln. Ste. 280
Brookfield, WI 53005

Advantage Leasing Corp.
324 E. Wisconsin Ave., Ste 250
Milwaukee, WI 53202

Celtic Bank aka Celtic Bank Corporation
Attn: Wade Newman, President
268 S State St., Ste. 300
Salt Lake City, UT 84111

Key Bank
Attn: President
Bankruptcy Department
127 Public Square
Cleveland, OH 44414

KeyBank National Association
Attn: President
5625 S. Van Winkle Expressway
Salt Lake City, UT 84121

Med One aka Med One Capital Funding, LLC
10712 South 1300 East
Sandy, UT 84094

Mountain America Credit Union
Attn: Sterling Nielsen, President
PO Box 9001
West Jordan, UT 84084-9001

Navitas
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

RLC Funding a Division of Navitas Lease
Corp., ISAOA
814 Highway A1A North,
Suite 205
Ponte Vedra Beach, FL 32082

VLMG, a Division of Navitas Lease Corp.
1719 Route 10 East, Suite 306
Parsippany, NJ 07054

6

4852-6604-1162\1

US Bank aka U.S. Bank Equipment Finance, a
Division of U.S. Bank National Association
Attn: Richard K. Davis, President
1310 Madrid Street
Marshall, MN 56258

VGM 311 aka VGM Financial Services a
Division Of TCF Equipment Finance, Inc.
1111 West San Marnan Dr.
Suite A2 West
Waterloo, KA 50701-8926

Bank Mutual
Attn: David Baumgarten, President
2600 N. Mayfair Rd.
Wauwatosa, WI 53226

CIBM Bank
Attn: President
2323 N. Mayfair Road
Wauwatosa, WI 53186

Johnson Bank
Attn: President
333 E Wisconsin Ave.
Milwaukee, WI 53202

Sunrise Medical, Inc.
Sunrise Medical HHG, Inc.
Sunrise Medical (UC) LLC
6899 Winchester Circle Suite 200
Boulder, CO 80301

Sunrise Medical, Inc.
2382 Faraday Avenue, Suite 200
Carlsbad, CA 92008

Sunrise Medical HHG, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sun Med Finance, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Sunrise Medical, Inc.
7477A East Dry Creek Parkway
Longmont, CO 80503

Utah State Tax Commission
Taxpayer Services Division
Attention: Compliance Services Unit
210 North 1950 West
Salt Lake City, Utah 84134

Gale K. Francis
Attorney General's Office
Tax & Financial Services Division
160 E 300 S, Suite 500
Salt Lake City, UT 84111

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Lon A. Jenkins, Chapter 13 Trustee
405 Main St #600
Salt Lake City, UT 84111

Kurt Wesley Walker
5756 Arlinridge Dr.
Herriman, UT 84096

7

# Exhibit A

1.    Personal property described in the Debtor's Schedule A/B as: (a) "Inventory of Medical related equipment owned by Debtor: (e.g.; hospital beds, patient lifts, oxygen equipment, wheelchairs, walkers, C-Pap machines, bath aids, etc.)"; (b) "Inventory: Debtor's accumulated equity in other lease-to-own equipment"; and (c) "Misc. Office Equipment, store fixtures, general non-inventory assets."

2.    2014 Ford E-Series Van, VIN 1FTNE2EW8EDA

3.    2007 Ford E150 Cargo Van, VIN 1FTNE14W17DB30724

4.    2008 Ford E150 Cargo Van, VIN 1FTNE14W88DA16222

5.    2008 Ford E150 Cargo Van, VIN 1FTNE14W8DA51739

4852-6604-1162\1